IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **SCARFF BROS., INC.,** | : | No. 1:11-cv-01318 |
|     Appellant | : | Bankruptcy Appeal |
| v. | : | |
| | : | (Chief Judge Kane) |
| **ACNB BANK, et al.,** | : | |
|     Appellees | : | |

## MEMORANDUM ORDER

Presently pending before the Court is Appellant Scarff Bros., Inc.'s appeal of the decision of the Bankruptcy Court valuing Debtors Thomas H. McElwee, Jr. and Becky S. McElwee's property (Doc. No. 2-11) as well as Appellee AgChoice Farm Credit, ACA's motion to dismiss Appellant's appeal (Doc. No. 7).  Appellant argues that the Bankruptcy Court erred as a matter of law in determining the fair market value of Debtors' property located at 2807 Wayne Road, Chambersburg, Pennsylvania ("Wayne Road Property").  (Doc No. 9.)  Appellee contends that the decision of the Bankruptcy Court is not a final order and, therefore, appellate review is inappropriate at this time.  (Doc. No. 8 at 11.)  For the reasons stated below, the Court will grant Appellee's motion to dismiss Appellant's appeal.  (Doc. No. 7.)

**I. BACKGROUND**

On March 30, 2010, Debtors filed a Voluntary Chapter 12 Petition in the United States Bankruptcy Court for the Middle District of Pennsylvania.  (Doc. No. 2-11 at 2.)  At that time, Debtors owned three pieces of real property, including the Wayne Road Property.[1]  (Id.)

---

[1] The Bankruptcy Court also determined the value of Debtors' property located at 250 Jumper Road, Newburg, Pennsylvania and 653 Big Spring Road, Newville, Pennsylvania (Doc. No. 2-11 at 2), but Appellant's appeal "relate[s] exclusively to the Bankruptcy Court's fair market value valuation of the 'Wayne Road Property.'" (Doc. No. 9 at 5.)

On June 25, 2010, Debtors filed their Original Chapter 12 Plan ("Original Plan").  (Id.) After several objections to the Original Plan were filed, Debtors filed an Amended Chapter 12 Plan ("Amended Plan") on December 7, 2010.  (Id.)  Both Appellant and Appellee filed objections to the confirmation of the Amended Plan.  (Id.)

On October 13, 2010, prior to the filing of the Amended Plan, Debtors filed a motion under Federal Rule of Bankruptcy Procedure 3012 to determine the value of the collateral securing at least a portion of Appellants' claims against Debtors' real property.  (Id.)  An evidentiary hearing on the motion was held on January 13, 2011.  (Id.)  Expert testimony was heard from three real estate appraisers concerning the value of the Wayne Road Property: (1) Thomas R. Donahue, on behalf of Debtors; (2) David Coletta, on behalf of Appellee; and (3) Don Paul Shearer, on behalf of Appellant.  (Id. at 6-12.)  Mr. Donahue and Mr. Shearer testified only as to the fair market value of the Wayne Road Property, valuing the property at $350,000.00 and $400,000.00, respectively.  (Id. at 6-7, 10-12.)  Mr. Coletta testified only as to the liquidation value of the Wayne Road Property, valuing the property at $220,000.00.  (Id. at 7-10.)

On June 6, 2011, the Bankruptcy Court issued its opinion and order setting forth valuations for Debtors' properties. (Doc. Nos. 2-11, 2-12.)  The Bankruptcy Court found that the liquidation value of Debtors' Wayne Road Property, if surrendered to a secured creditor, was $239,680.00 and that the value of the property, if retained by Debtors, was $299,600.00.  (Doc. No. 2-12 at 1.)

On June 17, 2011, Appellant filed a notice of appeal (Doc. No. 1), contending that the Bankruptcy Court erred as a matter of law in determining the fair market value of the Wayne

Road Property (Doc No. 9 at 4). Appellee filed a motion to dismiss the appeal on July 22, 2011, arguing that the Bankruptcy Court's order is interlocutory in nature and that appellate review of the order is, therefore, inappropriate at this time. (Doc No. 7.)

**II. JURISDICTION**

Pursuant to 28 U.S.C. § 158(a)(1), district courts have appellate jurisdiction over final judgments, orders, and decrees of the bankruptcy court. With leave of court, district courts also have jurisdiction over interlocutory orders and decrees. 28 U.S.C. § 158(a)(3). The parties dispute whether the order at issue here constitutes a final order. (Doc Nos. 8, 10.) Thus, the Court will first consider whether it may properly exercise jurisdiction over the appeal.

The United States Court of Appeals for the Third Circuit has recognized that finality must be interpreted "pragmatically in bankruptcy cases because these proceedings often are protracted and involve numerous parties with different claims." In re Natale, 295 F.3d 375, 378 (3d Cir. 2002); see also In re Amatex Corp., 755 F.2d 1034, 1039 (3d Cir. 1985) ("[W]e have consistently considered finality in a more pragmatic and less technical way in bankruptcy cases than in other situations."). In order to avoid the inefficiency that would result from insisting upon the approval of a plan prior to any appeal, the Third Circuit has "permitted appellate review of orders that in other contexts might be considered interlocutory." Amatex Corp., 755 F.2d at 1039.

In spite of the "relaxed view of finality in the bankruptcy setting as a whole," not every order of a bankruptcy court is appealable as a final order. Natale, 295 F.3d at 378; see also United States v. Nicolet, Inc., 857 F.2d 202, 206 (3d Cir. 1988) ("[E]ven in bankruptcy appeals the concept of finality is not open-ended."). Rather, only orders of a bankruptcy court that

"finally dispose of discrete disputes within the larger case are considered final for purposes of a bankruptcy appeal." In re Travelers Motor Inn, Inc., 181 B.R. 6, 7 (N.D.N.Y. 1995) (citation and quotation marks omitted); see also In re Sullivan, No. 91-5501, 1992 WL 68613 at *3 (E.D. Pa. Mar. 31, 1992) ("[Bankruptcy court] orders that do not fully adjudicate a specific adversary proceeding or that require further factual development are governed by the ordinary finality precepts of routine civil litigation."). The Third Circuit has identified three factors to consider in making a decision on finality: "the impact of the matter on the assets of the bankruptcy estate, the preclusive effect of a decision on the merits, and whether the interests of judicial economy will be furthered. F/S Airlease II, Inc. v. Simon, 844 F.2d 99, 104 (3d Cir. 1988).

**III. DISCUSSION**

In the present matter, the threshold issue is whether the Bankruptcy Court's order resolving the Rule 3012 motion is an order that "finally dispose[d] of discrete disputes within the larger case," or whether it is, as Appellee argues, a decision subject to modification in the course of further proceedings and, thus, not appropriate for review at this time.

In this case, the Bankruptcy Court's order does not fully adjudicate a specific adversary proceeding. Additionally, the order sets forth the valuation of Debtors' real property but does not contain legal resolutions, such as a determination of the precise method of calculation that should be used to assess the value of the Wayne Road Property. The United States District Court for the Eastern District of Pennsylvania addressed the issue of finality of bankruptcy court orders in In re Jablonski, 88 B.R. 652, 655-56 (E.D. Pa. 1998), and drew a distinction between the legal conclusions and preliminary findings of fact reached by the bankruptcy court. Specifically, the court concluded that the portions of the bankruptcy court's order containing final resolutions of

legal issues constituted a final order for purposes of appeal, while the portions that set specific dollar amounts on the creditor's claim were "not only not final, but . . . [that] review at this time would serve no useful purpose." Id.

Relying on the Jablonski court's distinction between the finality of bankruptcy court orders that dispose of legal issues and the interlocutory nature of orders that make preliminary findings, the United States District Court for the District of Connecticut, in In re Rodriguez, 272 B.R. 54, 57 (D. Conn. 2002), determined that a bankruptcy court order, to the extent that it set forth valuations as well as "a legal conclusion about how the value . . . should be calculated," was a final, appealable order, even though subsequent plan confirmation could alter the specific valuations made in the order.

Unlike in Rodriguez, the Court finds that the Bankruptcy Court here did not "state a legal conclusion about how the value" of the Wayne Road Property should be calculated. Although the Bankruptcy Court set forth a two-step approach to the valuation of the property in its order, it merely stated that, in determining the applicable value of the property, it would consider: (1) Debtors' proposed disposition of the property under the Amended Plan; and (2) the evidence, including appraisal testimony. (Doc No. 2-11 at 6.) Ultimately, the Bankruptcy Court determined that the liquidation value of the Wayne Road Property was $239,680.00 and that the fair market value was $299,600.00, but it set forth no specific method of calculation used to reach those valuations. (Id. at 12.) Rather, the Bankruptcy Court simply stated that its valuation was "[b]ased upon the record presented." (Id.) Accordingly, this Court finds that the Bankruptcy Court's order merely set forth preliminary findings of value, which are interlocutory in nature.

**IV. CONCLUSION**

Despite viewing finality in a "more pragmatic and less technical way," the Court declines to exercise its jurisdiction over this matter. Further, if the subsequent plan confirmation alters the monetary amounts set forth in the Bankruptcy Court's order, Appellant will have the opportunity to appeal any of the Bankruptcy Court's findings at that time. See Rodriguez, 272 B.R. at 57 ("The subsequent plan confirmation might alter the dollar amounts set at the time of the 506(a) order . . . ."). Therefore, the interests of judicial economy would not be served by addressing the issues raised by Appellant at this time.

**ACCORDINGLY**, on this 1st day of November 2011, **IT IS HEREBY ORDERED THAT** Appellee's motion to dismiss (Doc No. 7) is **GRANTED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania